IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONA GLANT | ) |
| | ) |
|   PLAINTIFF, | ) |
| | ) |
| vs. | ) Case No.: CIV-15-925-F |
| | ) |
| HONORABLE ANTHONY R. FOXX, | ) |
| Secretary of Transportation, | ) |
| U.S. DEPARTMENT OF | ) |
| TRANSPORTATION, | ) |
| | ) |
|   AGENCY, | ) |
| | ) |
| And | ) |
| | ) |
| THE RAYTHEON COMPANY, | ) |
| | ) |
| | ) |
|   Defendants. | ) |

**COMPLAINT**

Plaintiff, Mona Glant, by and through her counsel, Ray Tompkins, OBA #9058 and Brice W. Bisel, OBA #30986, hereby complains against Defendants U.S. Department of Transportation (herein "DOT") and The Raytheon Company ("Raytheon") as follows:

**NATURE OF CASE**

1. Plaintiff alleges a claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq* ("Title VII") for sex/gender discrimination, harassment, hostile work environment, and wrongful termination.

1

2. Plaintiff also alleges a claim of illegal retaliation/reprisal in violation of Title VII.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. 2000e-5(f)(3). Plaintiff also brings a pendant state law claim under 25 O.S. §§1101 *et. seq*.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendants operate in this district and the unlawful conduct giving rise to the claims occurred in this district.

5. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are also sought pursuant to 42 U.S.C. §1981a.

6. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5 and Fed. R. Civ. P. 54.

7. This action properly lies in the District Court for Western District of Oklahoma pursuant to 28 U.S.C. §1391(d), because all Defendants operate in this district, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district, and pursuant 42 U.S.C. §2000e-5, because the unlawful employment practice was committed in this judicial district.

## PARTIES

8. Plaintiff, Mona Glant, a female, is an individual citizen and resident of the United States. At all times relevant herein, Plaintiff was employed in Oklahoma City, Oklahoma.

9. Plaintiff is a former employee of Defendants.

10. Plaintiff was formerly employed by Defendants at its Oklahoma City FAA training location.

11. The FAA is part of the United States Department of Transportation, a federal agency.

12. Raytheon is registered with the Oklahoma Secretary of State as a foreign for-profit corporation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff filed her EEO complaint (2015-26225-FAA-02) on May 15, 2015. On June 12, 2015 the Agency dismissed her complaint due to its belief that she was not an employee of the Agency, but solely an employee of Raytheon.

14. Plaintiff's complaint is filed within ninety (90) days of the receipt of the Agency's dismissal.

15. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"); EEOC Charge Number 564-2015-00857.

16. Plaintiff was issued a notice of right to sue dated August 10, 2015, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice, as such notice was received by Plaintiff's counsel on August 11, 2015.

17. Plaintiff has exhausted her administrative remedies under federal and state law.

## GENERAL ALLEGATIONS

18. On or about February 7, 2012, Plaintiff began her latest assignment as an Instructor at the FAA Academy in Oklahoma City, Oklahoma.

19. In January 2013, Plaintiff began a relationship with a co-worker, Mr. Matt Kealy. This relationship ended in April 2014 after Plaintiff endured extensive physical and emotional abuse.

20. Upon ending this relationship, Mr. Kealy frequently acted in an intimidating and harassing manner towards Plaintiff in the workplace.

21. In April 2014, Plaintiff met with Laura Potts, an HR Specialist for Raytheon. During this meeting, Plaintiff explained her fears concerning Mr. Kealy's actions towards her. Plaintiff gave witness names to this individual and was assured that the situation would be handled.

22. From April 2014 until December 2014, Plaintiff's work schedule was changed so as to prevent her from being in close proximity to Matt Kealy. This schedule change was not ordered by management and was the product of a supervisor attempting to help Plaintiff.

23. In December 2014, Mr. Kealy began coming into Plaintiff's classroom and intimidating her once again.

24. Mr. Kealy's conduct continued into early 2015.

25. In early February 2015, Plaintiff again met with Laura Potts who chastised her for reporting Mr. Kealy's conduct and stated her belief that nothing inappropriate was happening.

26. One day after being told that Defendants would not take action against Mr. Kealy, Plaintiff filed for a victim protective order in Oklahoma County District Court against Mr. Kealy.

27. On February 20, 2015, Plaintiff attended the VPO hearing. Also present at this hearing were Matt Kealy and an FAA evaluator, Melody Hemel.

28. Plaintiff has reason to believe that Ms. Hemel was in a personal relationship with Mr. Kealy and that Ms. Hemel possessed direct influence on her employment at the FAA Academy.

29. On April 6, 2015, Plaintiff learned that she was terminated by Raytheon based upon the FAA's determination that she was "unsuitable" for further employment.

30. Prior to her termination, Plaintiff's performance reviews reflected that she "exceeds expectations" and she received multiple pay raises based upon her performance. She received such reviews and raises as recently as one month prior to being told that she had alleged performance issues.

31. Plaintiff's direct supervisors had not presented her with any negative performance issues prior to her termination other than one unfounded allegation of "breach of protocol."

32. This unfounded instance of discipline was presented to Plaintiff on March 6, 2015 for allegedly commenting about co-workers' performance. Mere days later, the supervisor who issued the verbal warning chose to elevate the discipline to a written warning, despite there being no other instances of alleged misconduct by Plaintiff. Soon thereafter Plaintiff expressed her concerns of retaliation and discrimination in a meeting with multiple FAA and Raytheon employees.

33. Plaintiff is aware of multiple instances in which male co-workers breached protocol, taught incorrect curriculum to students and failed to follow Agency and Raytheon procedures. These male employees did not receive discipline for their actions. Some of the more recent instances include:

    a. Male instructors allowing students to use their cell phones in the classroom in direct violation of FAA policies;

    b. A male instructor "tipping" students off to incorrect answers during evaluations to allow them to circumvent FAA radar evaluations.

34. Other male co-workers have engaged in misconduct including, but not limited to: sexual harassment of co-workers and students, failing to report to work, reporting to work late, falsifying documents, failing to properly complete training, working under the impairment of drugs and/or alcohol and leaving work early. These male co-workers did not receive discipline for these actions to Plaintiff's knowledge.

35. Plaintiff has knowledge that similarly-situated male employees were paid more than her.

36. The male co-worker, Matt Kealy, responsible for the harassment and intimidation of Plaintiff did not receive disciplinary action for his actions.

37. To this day, Plaintiff has still not been given any reason for the finding that she was allegedly "unsuitable" for further employment at the FAA Academy.

38. Based upon FAA employee recommendations, Raytheon terminated Plaintiff's employment with Defendants due to Plaintiff allegedly being "unsuitable" for further employment with Defendants. As Plaintiff worked at the FAA Academy, under direction of FAA employees, and subject to FAA standards, she reasonably believes that she was a joint employee of both Defendants.

39. Defendants' actions against Plaintiff throughout her employment constituted illegal sexual harassment, gender discrimination and retaliation.

40. Defendants are liable for the illegal actions of the members of management whose illegal conduct is demonstrated throughout this complaint. *See generally Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

41. Plaintiff believes that this treatment was motivated her sex/gender or in retaliation for her opposing the harassment against her, her internal complaint of discrimination, her filing of a VPO against a male co-worker and her continued opposition to the treatment of her.

42. At the time of Plaintiff's termination, she was being paid at the rate of approximately $64,000.00 per year in base salary.

43. As a result of Defendants' actions, Plaintiff has sustained loss of employment, loss of seniority, loss of career path, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

44. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

## COUNT I

**Discrimination Based Upon Gender/Sex, in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and the Oklahoma Anti-Discrimination Act, 25 O.S. §1302**

45. Plaintiff reasserts and incorporates by reference paragraphs 1-44 as set forth above as if fully restated herein.

46. Defendants' actions in repeatedly subjecting Plaintiff to illegal sexual harassment, disparate treatment, and discrimination, as described above, constitute discrimination based upon gender/sex, in violation of Title VII and the OADA.

47. These actions also created a hostile work environment, in clear violation of Title VII and the OADA.

48. Defendants' willful and malicious misconduct as described above, in discriminating against and terminating Plaintiff based upon her sex/gender are in violation of Title VII and the OADA.

49. Plaintiff's gender was a motivating factor in Defendants' adverse employment-related actions described above, including without limitation: the creation of a hostile work environment, continued harassment and disparate treatment, and ultimately her termination. Defendants violated Plaintiff's civil rights by taking such adverse actions.

50. As a result of Defendants' illegal conduct, Plaintiff has suffered losses, injury, and damages, as set forth in paragraphs 42-44, above.

51. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII and the OADA, including, without limitation: back pay, front pay, liquidated damages, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

52. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k) to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II

### Retaliation for Protected EEOC Activity in Violation of 42 U.S.C. §2000e-3(a) and the Oklahoma Anti-Discrimination Act

53. Plaintiff reasserts and incorporates by reference paragraphs 1-52 as set forth above as if fully restated herein.

54. 42 U.S.C. §2000e-3(a) makes it illegal to discriminate/retaliate against an " individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

55. Plaintiff clearly opposed the illegal harassment when she reported the harassment, discrimination and retaliation to members of human resources and management on multiple occasions.

56. Plaintiff also clearly opposed the illegal discrimination and retaliation when she filed for a VPO against the offending employee.

57. Plaintiff continued to oppose the discriminatory and retaliatory actions being taken against her by complaining to human resources from April 2014 until her termination.

58. Such opposition is clearly protected activity.

59. The actions taken against Plaintiff after her opposition to Defendants' unlawful conduct, including, but not limited to: repeated harassment, isolation of Plaintiff from other employees, unjustified discipline and continued disparate treatment are all clearly retaliatory actions designed to prevent her from exercising her rights under Title VII and the OADA.

60. Defendants' conduct as described above is in clear violation of Title VII and the OADA provisions prohibiting such retaliation and discrimination.

61. As a result of Defendants' illegal conduct under Title VII, Plaintiff has suffered losses, injuries, and damages, as set forth in paragraphs 42-44, above.

62. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII and the OADA, including, without limitation: back pay, front pay, liquidated damages, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

63. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Punitive damages;

c. Compensatory and consequential damages;

d. Injunctive and/or declaratory relief;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

g. That Defendants be enjoined and restrained from engaging in further discriminatory conduct; and

h. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated: 08/27/2015

Respectfully submitted,

s/ Brice W. Bisel
Brice W. Bisel, OBA #30986
Ray Tompkins, OBA#9058
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-607-4357/ 405-607-4358 (Fax)
Ray@mazaherilaw.com
brice@mazaherilaw.com
*Attorney for Plaintiff*

***Attorney's Lien Claimed***